IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                Criminal Action No. 5:09CR27-04

DONNELL GLOSTER, a/k/a Keeter, f/n/a FNU LNU,

    Defendant.

**REPORT AND RECOMMENDATION THAT MOTION TO SUPPRESS
OUT-OF-COURT IDENTIFICATION BE DENIED**

I. Introduction

  A.    Background

Defendant is one of four defendants charging offenses related to an attempted escape from jail. Defendant is charged in Count One, a conspiracy count, and Count Two, an aiding and abetting count.

  B.    The Motion

Motion to Suppress Out-of-Court Identification.[1]

  C.    Recommendation

I recommend the Motion to Suppress the Out-of-Court Identification be denied because the witness had the opportunity to observe this defendant on two consecutive evenings, one of which was in defendant's residence and the other of which was in a car for more than three to four hours. Therefore, the impermissibly suggestive Out-of-Court Identification of this defendant was reliable under the totality of the circumstances even though only this defendant's photograph on a Pennsylvania identification card was displayed to the witness.

---

[1] Doc. No. 67.

## II. Facts

While Lonnie Smith was incarcerated in the West Virginia Northern Regional Jail pending trial on other charges, a person at the jail observed what (s)he identified as a white man, a black man and three females in a car cut a fence at the jail early one morning after midnight. An investigation was begun and included listening to recorded conversations of Lonnie Smith while he was in the jail. Apparently Lonnie Smith was talking to his girlfriend, Leena Spivey, also a co-defendant in this criminal action. References were made in the recorded telephone conversations to "Boo", the nickname for co-defendant, Tanequa Smith, and "Keeter" this defendant, Donnell Gloster, who was indicted as FNU LNU, a/k/a "Keeter". Deputy Marshals questioned Ms. Spivey who agreed to cooperate. Ms. Spivey then identified two of the accomplices in cutting the fence as Tanequa Smith and "Keeter". Ms. Spivey did not know Keeter's real name. Spivey took the Deputy Marshal investigating the attempted escape and showed him where Keeter lived. The Marshal arranged for a Deputy Marshal in Pittsburgh to determine all the people who lived in the apartment building Spivey identified as where Keeter lived. The Deputy Marshal in Pittsburgh obtained a Pennsylvania identification card with Gloster's picture and forwarded it to the investigating Deputy Marshal. The investigating Deputy Marshal showed Gloster's photograph to Spivey who identified the photograph of Gloster as the person she knew as Keeter. Only one photograph was displayed to Spivey.

Spivey had occasion to observe Keeter on two occasions. First, the night before going to the jail, Spivey met Boo and Keeter at Keeter's residence to discuss the escape with Smith on the telephone. Second, the ride from Pittsburgh, Pennsylvania, to Moundsville, West Virginia, the location of the Regional Jail, is more than one hour fifteen minutes one way. Spivey told the Deputy Marshal investigating the matter she (Spivey), Boo, and Keeter were together in Boo's car for three

to four hours as they traveled to the Northern Regional Jail and cut the fence and returned to Pittsburgh.

### III. The Motion

A.  Contentions of the Party

Defendant contends that when the investigating deputy only displayed one photograph to Spivey, Defendant suggests this one photograph display for a pre-trial investigation is impermissibly suggestive, per se, and must be suppressed.

The Government contends that display of only one photograph may be impermissibly suggestive but is nonetheless reliable when the witness has had the opportunity to observe the defendant over a long period of time or on numerous occasions.

B.  Discussion

The due process clause protects a defendant from pre-trial identification procedures which are impermissibly suggestive. Manson v. Brathwaite, 432 U.S. 98, 114 (1977). Generally speaking, displaying only one photograph to a witness is impermissibly suggestive. There are five factors which are to be considered in determining whether an impermissibly suggestive identification is nonetheless reliable. Neil v. Biggers, 409 U.S. 188, 199-200 (1972).

The first factor is the opportunity of the witness to view the suspect. Here, Ms. Spivey twice saw the defendant. First she saw defendant at his residence when planning the attempted escape. Second, she saw the Defendant during a three to four hour trip to and from the Northern Regional Jail.

The second factor is the witness' degree of attention. The Court views this factor as irrelevant considering the significant time the witness and the defendant spent together on two

consecutive nights with only two to three other people present in confined spaces - a residence and a car.

The third factor is the accuracy of the witnesses initial description of the defendant.

There was no testimony of the initial description. There was testimony that Spivey instantly and without hesitation identified the defendant when shown his photograph.

The fourth factor is the witnesses' certainty of the identification. As stated in the immediately preceding paragraph, the identification was instantaneous and without hesitation.

The fifth factor is the length of time between the crime and the identification. The crime occurred March 29, 2009. The identification had to be some time before the superceding indictment was returned, which was July 8, 2009.

On balance, it seems that the pretrial identification is reliable notwithstanding the impermissibly suggestive identification procedure. Defendant has failed to sustain his burden.

C. <u>Recommendation</u>

I recommend the Motion to Suppress the Out-of-Court Identification be denied because the witness had the opportunity to observe this defendant on two consecutive evenings, one of which was in defendant's residence and the other of which was in a car for more than three to four hours. Therefore, the impermissibly suggestive Out-of-Court Identification of this defendant was reliable under the totality of the circumstances even though only this defendant's photograph on a Pennsylvania identification card was displayed to the witness.

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days from the date of this Report and Recommendation, file with the Clerk of the Court the written objections identifying the portions of the Report and Recommendation to which objection is made,

4

and the basis for such objection.  Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:   August 26, 2009

*/s/ James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE