IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                              Criminal Action No. 5:09CR27-04
                                         (STAMP)
DONNELL GLOSTER a/k/a "Keeter"
f/n/a FNU LNU,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
THAT MOTION TO SUPPRESS OUT-OF-COURT
IDENTIFICATION BE DENIED**

I.  Procedural History

On July 8, 2009, the defendant, Donnell Gloster ("Gloster"), a/k/a "Keeter," f/n/a FNU LNU, was named in two counts of a three-count superceding indictment charging him with conspiracy and aiding and abetting attempted escape. On July 17, 2009, the government identified Donnell Gloster as "Keeter." On August 12, 2009, the defendant filed a motion to suppress out-of-court identification. The government responded in opposition to the motion.

United States Magistrate Judge James E. Seibert conducted an evidentiary hearing on the pending motion to suppress. On August 26, 2009, the magistrate judge entered a report recommending that the defendant's motion to suppress be denied. Upon submitting his report, Magistrate Judge Seibert informed the parties that if they objected to any portion of his proposed findings of fact and

recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. The defendant did not file objections.

## II. Facts

A person at the West Virginia Northern Regional Jail reported that five people in a car cut a fence at the jail. At the time, co-defendant Lonnie Smith was incarcerated at that jail. After an investigation, co-defendant Leena Spivey ("Spivey") agreed to cooperate with the deputy marshal investigating the attempted escape. Spivey identified two accomplices as Tanequa Smith and Keeter. While Spivey did not know Keeter's real name, she did take the deputy marshal to Keeter's apartment building. A deputy marshal in Pittsburgh sent a Pennsylvania identification card of Gloster to the investigating deputy marshal. The deputy marshal showed only this picture to Spivey. Spivey immediately and without hesitation identified Gloster as Keeter.

## III. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Here, no party filed objections.

Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## IV. Discussion

An impermissibly suggestive and unreliable pretrial identification will violate a defendant's right to due process if introduced into a criminal proceeding. See Manson v. Brathwaite, 432 U.S. 98, 114 (1977); Neil v. Biggers, 409 U.S. 188, 198 (1972). Thus, a defendant challenging a pre-trial identification must first show that the identification procedure was impermissibly suggestive. Holdren v. Legursky, 16 F.3d 57, 61 (4th Cir. 1994). If the defendant meets this burden, the court must determine "whether the identification was nevertheless reliable under the totality of the circumstances." Id.

In considering the totality of the circumstances, the Court must weigh the corrupting effect of a suggestive identification against the reliability of the identification. Manson, 432 U.S. at 114-15; Biggers, 409 U.S. at 198. Reliability is determined by (1) the opportunity the witness had to view the defendant, (2) the witness's degree of attention, (3) the accuracy of the defendant's prior description, (4) the level of the witness's certainty, and (5) the length of time between the crime and the confrontation. Manson, 432 U.S. at 114-15.

Magistrate Judge Seibert recommends that the defendant's motion to suppress the out-of-court identification be denied because the witness, Leena Spivey, had the opportunity to observe

3

Gloster on two consecutive evenings, once in defendant's residence and once in a car for three to four hours. The magistrate judge concluded that, while displaying only one photograph to a witness is generally impermissibly suggestive, the out-of-court identification nonetheless was reliable under the totality of the circumstances.

Assuming, without deciding, that the one photograph display method of identification used in this case was impermissibly suggestive, the identification here has sufficient indicia of reliability to satisfy the strictures of due process. First, Spivey had the opportunity to view Gloster twice, both in a car for three to four hours and at his residence when planning the attempted escape. Second, this Court agrees with the magistrate judge that the witness' degree of attention is irrelevant here considering the significant time the two spent together planning Lonnie Smith's escape and riding in the car to cut the fence. Third, while there is no testimony as to Spivey's initial description, there is testimony that she instantly and without hesitation identified Gloster as Keeter when she saw his photograph. Fourth, the instantaneous identification clearly shows the certainty of the identification. Fifth, and finally, the crime occurred on March 29, 2009 and the identification occurred some time before the superceding indictment was returned on July 8, 2009. This Court agrees with the magistrate judge that the witness' opportunity to observe Gloster on two occasions while in

4

a car and at his residence indicates that the witness's ability to make an accurate identification was not outweighed by any corrupting effect of the one photograph display.  Accordingly, the defendant's motion and amended motion to suppress out-of-court identification must be denied.

V. Conclusion

For the reasons set forth above, this Court finds that the magistrate judge's recommendation is not clearly erroneous and hereby AFFIRMS and ADOPTS the report and recommendation of the magistrate judge.  The defendant's motion to suppress out-of-court identification is DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the defendant and to counsel of record herein.

DATED:   September 29, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE